**Rosa Hermenia ZEPEDA–LINARES, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–70098.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 8, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

K. Kerry Yianilos, San Diego, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John C. Cunningham, Esq., Shelley R. Goad, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Rosa Hermenia Zepeda–Linares, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and de novo due process claims,

Sanchez–Cruz v. INS, 255 F.3d 775, 779 (9th Cir.2001). We deny the petition for review.

■ Substantial evidence supports the agency's conclusion that the threats Zepeda–Linares experienced were not on account of a protected ground, *see Sangha v. INS*, 103 F.3d 1482, 1486–87 (9th Cir. 1997), and that she failed to demonstrate that any harm she may suffer if returned to El Salvador would be on account of a protected ground, *id.*

■ Because Zepeda–Linares failed to establish her eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

■ Substantial evidence also supports the agency's determination that Zepeda–Linares failed to show that it is more likely than not that she would be tortured if returned to El Salvador. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

We reject Zepeda–Linares' contention that the IJ violated her due process rights as unsupported by the record. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir.2003).

Finally, the BIA acted within its discretion in denying Zepeda–Linares' request to apply for relief under the Nicaraguan Adjustment and Central American Relief Act because she failed to show prima facie eligibility for that relief. *See Albillo–De-Leon v. Gonzales*, 410 F.3d 1090, 1093–94 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.